IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES BRACKEEN <br> (BOP Register No. 42663-177), <br><br> Petitioner, <br><br> V. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 3:19-cv-176-M-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner James Brackeen, a federal prisoner, convicted in the Dallas Division of this district, *see United States v. Brackeen*, No. 3:11-cr-01-M (01) (N.D. Tex.), but then-in custody in the Fort Worth Division, submitted a letter to the Court requesting "help on assistance to start my Next Step 2241" and court-appointed counsel. *See* Dkt. No. 3. This letter was liberally construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

The petition is properly before Chief Judge Barbara M. G. Lynn. *See* AMENDED SPECIAL ORDER NO. 3-250 (N.D. Tex. Aug. 24, 2011), ¶ 3 ("A petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be directly assigned to the judge in the division who previously presided over a criminal case involving the defendant, if any.").

And Judge Lynn has referred this resulting civil action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On January 30, 2019, the Court notified Brackeen that, to the extent that he requests relief under Section 2241, he must present his claims on the proper form and either pay the $5.00 filing fee or file a proper motion for leave to proceed *in forma pauperis* ("IFP"); he was ordered to remedy both deficiencies by March 1, 2019; and he was warned that "[f]ailure to comply with this order will result in a recommendation that the petition be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey orders of the Court" [Dkt. No. 4] (the "NOD").

Prior to the deadline to comply, Brackeen moved for a 90-day extension. *See* Dkt. No. 6. On March 19, 2019, the Court extended the deadline to cure the deficiencies in the NOD to May 30, 2019, again cautioning Brackeen "that failure to take these actions by the extended deadline will result in a recommendation that this case be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey orders of the Court." Dkt. No. 7. And, on May 21, 2019, Brackeen sent correspondence to the Court "requesting to withdraw [his] request for appointment of Counsel." Dkt. No. 8.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should construe Brackeen's May 21, 2019 correspondence as a self-executing notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and dismiss this action without prejudice or, alternatively, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b).

## Legal Standards and Analysis

The rules governing 28 U.S.C. § 2254 proceedings generally apply to proceedings

under Section 2241. *See* RULE 1(b), RULES GOVERNING SECTION 2254 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. And like all rules in the Federal Rules of Civil Procedure, Rule 41 generally applies to habeas proceedings under Sections 2241 and 2254. *See* RULE 12, RULES GOVERNING SECTION 2254 IN THE UNITED STATES DISTRICT COURTS.

I.      Rule 41(a)(1)(A)(i)

A notice of dismissal under Rule 41(a)(1)(A)(i) is self-executing. *See* FED. R. CIV. P. 41(a)(1)(A) (subject to some exceptions, "the plaintiff may dismiss an action without a court order by filing: ... (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"); *see also Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) (a notice of dismissal under Rule 41(a)(1)(A)(i) "is effective immediately upon filing"); *Taylor v. Tesco Corp. (US)*, 816 F. Supp. 2d 410, 411 (S.D. Tex. 2011) ("Although styled a 'motion to dismiss,' Plaintiff's ... filing had the effect of a Rule 41(a)(1) notice of dismissal as to any defendants who had not yet served either an answer or a motion for summary judgment." (citing *Matthews*, 902 F.2d at 880)); *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976) ("At the time plaintiffs filed their motion to dismiss the case was effectively terminated.").

And an unambiguous Rule 41(a)(1)(A)(i) notice divests the Court of jurisdiction. *See Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010).

Although Brackeen is proceeding *pro se*, his notice [Dkt. No. 8] is facially unambiguous. Brackeen is also no stranger to prosecuting federal post-conviction

matters *pro se*. *See Brackeen v. United States*, No. 3:17-cv-2891-M-BN, 2017 WL 6880128 (N.D. Tex. Dec. 15, 2017), *rec. accepted*, 2018 WL 1035094 (N.D. Tex. Feb. 23, 2018) (dismissing 28 U.S.C. § 2255 motion as time-barred); *Brackeen v. United States*, No. 3:17-cv-2891-M-BN, 2018 WL 2335469 (N.D. Tex. Apr. 24, 2018), *rec. accepted*, 2018 WL 2329313 (N.D. Tex. May 23, 2018) (transferring successive Section 2255 motion to the United States Court of Appeals for the Fifth Circuit). As such, his filing of the notice divested the Court of jurisdiction when Brackeen filed it. The Court should therefore dismiss this action without prejudice.

II.    Rule 41(b)

Alternatively, it is now almost two months past the extended deadline for Brackeen to cure the deficiencies in the NOD. Because he has yet to do so, Rule 41(b) provides for dismissal of his claims without prejudice.

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.

1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)).

The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional

dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the NOD, Brackeen has prevented this action from proceeding. And, by so doing, he has failed to prosecute his lawsuit and also failed to obey court orders. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. The undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Brackeen decides to comply with the Court's directives. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should construe Petitioner James Brackeen's May 21, 2019 correspondence [Dkt. No. 8] as a self-executing notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) and dismiss this action without prejudice or, alternatively, dismiss this action without prejudice under Federal Rule of Civil

Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 29, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE